(No. 2809.)

CANDELARIA v. GUTIERREZ et al.

SYLLABUS BY THE COURT

(1) A bond in double the amount of the recovery in a judgment, without reference whatever to any additions thereto for interest and costs, is a sufficient supersedeas bond P. 435

(2) The phrase the "amount of judgment," as used in Laws 1917, c. 43, § 17, requiring that a bond be given in "double the amount of the judgment" before a supersedeas or stay of execution shall be granted on taking appeal or suing out writ of error, means the amount of money specified in the judgment as the amount for which a recovery is to be had without reference to the accumulations attaching thereto by way of interest and cost.                    P. 436

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by Luis Candelaria against Max Gutierrez and another. From a judgment for plaintiff, defendants appeal. On motion to dismiss appeal. Motion denied.

Rodey & Rodey, of Albuquerque, for appellants.

Renehan & Gilbert, of Santa Fe, for appellee.

PARKER, C. J.    [1]    A verdict was rendered on April 20, 1922, against the appellants for $5,143. A judgment was entered on the verdict on June 12, 1922, and provided that the plaintiff "do have and recover of and from the defendants, Max Gutierrez and Justo Gutierrez, the sum of $5,143, together with his costs incurred herein, with interest on the said sums at the rate of 6 per cent. per annum from said 20th day of April, 1922, and that execution issue therefor." On the same day the appellants appealed to this court. On the 14th day of July, 1922, the appellants filed in the office of the clerk of the district court a bond in the sum of $10,286, conditioned in the usual form for a supersedeas bond, and providing for the payment of the judgment and all costs that might be adjudged against them, in case such appeal should be dismissed or the judgment of the district court should be affirmed. It is to be noted that the filing of this bond was 32 days after the taking of the appeal, and that consequently it cannot be treated as a cost bond. Section 15, chapter 43, Laws 1917. It must be valid as a supersedeas bond, or it can be of no effect in this court.

A motion to dismiss the appeal has been filed upon the grounds that the bond is not in "double the amount of such judgment complained of," as is required by section 17 of chapter 43, Laws 1917. As before pointed out, the judgment was for $5,143, and the bond is exactly double the amount of this sum being $10,286.

In support of the motion to dismiss, the argument is put forward that the provision for interest and costs in the judgment is as much a part of the judgment as the provision for the recovery of the principal sum sued for. This is undoubtedly true in a sense, but the right to recover the interest and the costs arises out of the positive provisions of statute, and is merely incidental to the main recovery. It is, however, to be noted that the statute makes no mention whatever of interest and costs. It is likewise true that the statute requires a bond in double the amount of the judgment, which, in all ordinary circumstances, is much more than sufficient to secure the payment of all interest which may accrue and all the costs taxable against the appellant. The object of the supersedeas bond is to secure the payment of the judgment, interest, and costs, and, so long as this is amply provided for, there would seem to be no reason to adopt any strict definition of the word "judgment" as used by the Legislature in this statute.

[2]     The "amount of the judgment" in this connection and in the sense in which we believe the Legislature used the terms, would seem to be the amount of money specified in the judgment as the amount for which a recovery is to be had, without reference whatever to the accumulations attaching thereto by way of interest and costs. It is true that the statute provides in said section 17 that the bond shall be "conditioned for the payment of such judgment, and all costs," etc., which might, standing alone, be held to indicate that the Legislature in-

tended the word "judgment," as used above, to include interest, because otherwise there would be no security for the interest, but this section, taken in connection with section 41 of the same act is clearly seen not to have that meaning. Section 41 provides in case of dismissal of the appeal, or the affirmance of the judgment, for the entry by this court, or by the district court upon the mandate of this court, of an entirely new judgment against the appellant and his sureties upon bond, which judgment would, of course, include a recovery of interest and costs.

The appellee in this case is fully protected in any recovery he may secure in this court, and is standing, in his motion to dismiss, upon a strictly technical construction of the statute. We are aware, of course, that where a statute makes provision that certain things must be done in order to perfect an appeal to this court, it is not within the province of this court to nullify or depart from the plain statutory requirements. But in view of all the considerations heretofore mentioned, and in the interest of justice, we are impelled to give a liberal construction to the statute in behalf of litigants who desire to review judgments of the district courts, and we hold that the words "double the amount of the judgment" used in the statute mean the amount of money specified as the amount of the recovery without any additions for interest and costs.

It follows that the motion of the appellee to dismiss the appeal should be denied; and it is so ordered.

BRATTON and BOTTS, J. J., concur.